| iPETERS, Judge,
dissenting.
I respectfully dissent from the majority opinion and would reverse the trial court’s judgment, finding that Ms. Crump’s claim has prescribed.
The one-year liberative prescriptive period for delictual actions begins to run from the day injury or damage is sustained, La.Civ. Code art. 3492. If the damage complained of is to immovable property, prescription begins to run from the day the owner “acquired, or should have acquired, knowledge of the damage.” La.Civ.Code art. 3493. While recognizing these legal precepts, Ms. Crump'ar-gues that the tort sued upon is a continuous tort and prescription begins to run only when the wrongful conduct ceases. This “continuing tort” theory was first addressed in South Central Bell Telephone Co. v. Texaco, Inc., 418 So.2d 531, 533 (La.1982), wherein the supreme court stated:
When the tortious conduct and resulting damages continue, prescription does not begin until the conduct causing the damage is abated.... Where the cause of the injury is a continuous one giving rise to successive damages, prescription dates , from cessation of the wrongful conduct causing the damage.
(Emphasis added).
Thus, the application of the continuous tort doctrine requires that both the tortious Izconduct and the resulting damages be continuous.
The majority concludes that Ms. Crump’s injuries were of a continuous nature such as to suspend the time for bringing her lawsuit. I disagree. All of the claims of negligence by Ms. Crump arise from one event — the illegal construction of the canal in the early 1970’s. Ms. Crump had actual knowledge of the alleged negligent acts in 1971 and failed to file suit until over twenty years later. The Sabine River Authority made no representations to Ms. Crump that it would solve the water flow problems. At best, it merely attempted to assist her in resolving the problem. I find that Ms. Crump acquired knowledge of her cause of action far in excess of a year before her suit was filed, that La.Civ. Code art. 3493 is applicable, and that her claim has prescribed.